UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GREGORY EDWARD RULEY                                                          PLAINTIFF

CIVIL ACTION NO. 3:13CV-P364-S

SUMMER TINNELL *et al.*                                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Gregory Edward Ruley, a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint that the Court construes as being brought under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff names the following four Defendants in this action: Summer Tinnell; Shain Ruley; Ms. Chassity; and Marion County. He sues Summer Tinnell in her individual capacity and identifies her as an employee of Fantastic Sams. Shain Ruley is also sued in his individual capacity and is identified as an employee at OwensIllinois. Plaintiff sues Ms. Chassity in both her individual and official capacities, and he identifies her as being employed at Marion County Child Protective Services. The final Defendant, Marion County, Plaintiff states, is being sued in its official capacity. Plaintiff seeks monetary and punitive damages and for Defendant Ruley to return "fathers Jewelry."

In his complaint Plaintiff states as follows:

In the month of September 2008 Summer Ruley Tinnell, Shain Ruley made allegations toward myself. Ms. Chassity, a employee of the Marion County Child Protective Services already had knowledge that the other (2) defendants had made same allegations (2) years prior to making allegations against Plaintiff against

another person. Those allegations were false as well. All defendants conspired to bring false charges against Plaintiff and the County itself set out for a malicious prosecution of Plaintiff. 2009 charges against Plaintiff were dismissed. By the defendants having knowledge that they had done same against another Person and then to Plaintiff and a County employee choosing not to disclose of vital information have violated Plaintiffs U.S. Constitutional Amendment (14) Due Process and equal Protection of law. In a Order entered 4-23-09 in Marion Circuit Court asking for information. [See Attached].[1]

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

---

[1]Plaintiff did not attach any documents to his complaint.

2

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  LEGAL ANALYSIS

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330 *et seq*. Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Private entities are not usually liable for most rights secured by the Constitution. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). However, Congress enacted 42 U.S.C. § 1983 to enforce the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff appears to be bringing this action under 42 U.S.C. § 1983, and the Court will analyze this action as being so brought.

*A. Official-Capacity Claims*

Plaintiff states that he is bringing this action against Defendant Chassity in her official capacity as an employee of Marion County Child Protective Services. He also brings this action against the municipality, Marion County. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Serv*s. *of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant Chassity in her official capacity is the equivalent of suing her employer, Marion County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the chief of the county police department sued in his official capacity is a suit against the county police department, an entity which may not be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

4

*Monell v. Dep't of Soc. Serv*s. *of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Serv*s. *of the City of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell v. Dep't of Soc. Serv*s. *of the City of N.Y.*, 436 U.S. at 694).

In the instant case Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. Plaintiff's complaint appears to contain allegations of an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Marion

5

County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Therefore, the claims against Marion County and Defendant Chassity in her official capacity will be dismissed from this action.

## *B. Conspiracy*

In the present case, Plaintiff alleges that Defendants engaged in a conspiracy to violate his civil rights. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged conspirators shared in the general conspiratorial objective to deprive Plaintiff of his constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard required by Rule 8(a)(2) to state a conspiracy claim. Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for the alleged misconduct. Plaintiff makes only general allegations. He provides no factual support of conspiracy other than stating that all of the Defendants conspired to bring false charges against him. Plaintiff's complaint contains nothing "more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570).

Therefore, the conspiracy claims will be dismissed for failure to state a claim upon which relief may be granted.

*C. Statute of Limitations*

In actions brought under § 1983, the federal court borrows the forum state's statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 275–280 (1985). In Kentucky § 1983 actions are limited by a one-year statute of limitations. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The United States Supreme Court has held that, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("[T]he Court in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends."). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.").

In the present case, Plaintiff does not state the date that he was arrested. However, he does state that the alleged conspiracy to bring false charges against him occurred in September

7

2008, and that the charges against him were dismissed in 2009. Thus, his claims arose no later than December 2009, well outside the one-year statute of limitations, and are barred. *See Jones v. Whittaker*, 16 F. App'x 463 (6th Cir. 2009) (applying the one-year statute of limitations in a malicious prosecution case); *Dickerson v. City of Hickman*, No. 5:08CV-P53-R, 2012 WL 816684 (W.D. Ky. Mar. 4, 2010) (applying the one-year statute of limitations to conspiracy and false arrest claims).

## IV.  CONCLUSION

Plaintiff having failed to state a claim upon which relief may be granted, the Court will enter a separate order dismissing this case pursuant to 28 U.S.C. § 1915A. Further, this action will be dismissed as being barred by the statute of limitations.

Date: July 1, 2013

                                             **Charles R. Simpson III, Senior Judge**
                                             **United States District Court**

cc:     Plaintiff, *pro se*
         Defendants
         Marion County Attorney
4411.003